UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RANSLEY,

                          Plaintiff,

- against -

150 WEST 21ST LLC, BEACH LANE MANAGEMENT, INC., and MARK SCHARFMAN,

                          Defendants.

Case No.

**COMPLAINT AND JURY DEMAND**

Plaintiff John Ransley ("Plaintiff" or "Mr. Ransley"), by and through his attorneys, Mobilization for Justice, Inc., alleges as follows:

### PRELIMINARY STATEMENT

1. This case seeks redress for Defendants' discrimination based on disability.

2. Mr. Ransley is an 88-year-old rent-controlled tenant who is legally blind and primarily ambulates using a wheelchair.

3. Mr. Ransley's rent-controlled apartment is located within a building that is not accessible to people who use wheelchairs. Although the building has an elevator, the route from the public sidewalk to the elevator is not accessible because there are six intervening steps.

4. As a result, Mr. Ransley is unable to enter or leave the building without assistance of third parties that have the physical ability and the incentive to carry him up or down the stairs.

5. With exceptions for necessary medical appointments and a recent temporary hospitalization, Mr. Ransley has not left his home in 14 years. He is, in other words, a prisoner.

6. Defendants—the entities and individual who own the building and/or are responsible for managing it—have failed to adequately respond to Mr. Ransley's requests for

1

reasonable modifications and/or accommodations which would allow him to use and enjoy his apartment and the building in the same manner as his neighbors who do not have disabilities.

7. Specifically, Defendants have rejected Mr. Ransley's request that they install a ramp, wrongly claiming that it would be infeasible to do so. Even if Defendants hold that incorrect belief in good faith, they nonetheless have failed to offer Mr. Ransley an alternative accommodation. They just say "no," and relegate Mr. Ransley to his home confinement.

8. The Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA") and the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL") require more than that. Indeed, Defendants' behavior constitutes unlawful discrimination under the FHA and NYCHRL.

9. Through this action, Mr. Ransley seeks declaratory, injunctive, compensatory, and punitive relief to remedy Defendants' discriminatory behavior. He also seeks an award of attorney's fees given that he has been forced to retain counsel and commence this action to vindicate his rights.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as this action seeks redress for violations of Plaintiff's rights under the FHA, a federal statute that is intended, in part, to ensure the equal rights of persons with disabilities.

11. The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367 because they are based on the identical set of transactions and occurrences that give rise to Plaintiff's FHA claim, such that they form part of the same case or controversy under Article III of the Constitution.

12. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, Defendants conduct business in this district, and the rental property at issue is situated in this district.

**PARTIES**

13. Plaintiff John Ransley is an 88-year-old man who resides at Apartment 5D (the "Apartment") in the building located at 150 West 21st Street, New York, New York 10011 (the "Building").

14. Plaintiff is a person with a handicap and/or a disability as those terms are defined by the FHA and the NYCHRL.

15. Upon information and belief, Defendant 150 West 21st LLC is New York State limited liability corporation with offices at 111 N. Central Park Ave, Suite 400, Hartsdale, New York 10530.

16. Upon information and belief, Defendant 150 West 21st LLC is the owner of the Building.

17. Upon information and belief, Defendant Beach Lane Management, Inc. is a New York State corporation with offices at 111 N. Central Park Ave, Suite 400, Hartsdale, New York 10530.

18. Upon information and belief, Defendant Beach Lane Management, Inc. provides management services for the Building and/or is responsible for responding to reasonable accommodation requests for tenants of the Building.

19. Upon information and belief, Defendant Mark Scharfman is an individual with offices at 111 N. Central Park Ave, Suite 400, Hartsdale, New York 10530, and at 435 West 43rd Street, Basement, New York, New York 10036.

20. Upon information and belief, Defendant Scharfman is the registered managing agent of the Building, the head officer of Defendant 150 West 21st LLC, and an officer of Defendant Beach Lane Management, Inc.

21. Upon information and belief, Defendant Scharfman has an ownership interest and/or manages over 140 multifamily residential buildings in New York City.

## STATEMENT OF FACTS

### Plaintiff's Disabilities and Tenancy at the Building

22. Mr. Ransley is the rent-controlled tenant of record of the Apartment where he has resided since 1969.

23. The Apartment is located on the fifth floor of the Building.

24. Mr. Ransley is legally blind and has other medical conditions that severely compromise his mobility.

25. Mr. Ransley primarily ambulates using a wheelchair, and he cannot ascend or descend stairs independently.

### The Building is Not Accessible to Plaintiff

26. The Building entrance is not wheelchair accessible.

27. There are at least three barriers to accessibility. First, there is a step that is approximately 5.5 inches high, which leads from the public sidewalk level to the Building's entrance door.

28. Second, inside the Building, there are five steps leading from lower level of the

vestibule to the upper level of the vestibule. At the top of those steps is an interior vestibule door. In total, those steps are approximately 40 inches high.

29. Third, the Building entrance door and the interior vestibule door are not accessible to, among others, individuals who use wheelchairs. Specifically, the door hardware and locking mechanisms function in a manner that make it difficult, if not impossible, for people who use wheelchairs to operate the doors independently. Specifically, given the challenges associated with unlocking the doors and opening them from the seated position, people in wheelchairs are likely to have substantial difficulty doing so, if they can do so at all.

30. Because of the stairs and doors, Mr. Ransley does not leave his home. Indeed, with exceptions for sporadic medical appointments, and a recent hospitalization, Mr. Ransley has not left his home in 14 years.

31. Being a prisoner in his home has caused Mr. Ransley immense emotional and psychological harm. In many ways, the situation has caused his daily living activities to come to a halt.

32. Not being able to come and go from his home has also prevented Mr. Ransley from, among other activities, attending certain appointments with his doctors.

33. When Mr. Ransley must leave, he pays out-of-pocket for people to carry him up and down the stairs, which has caused him financial harm.

**Defendants Failed to Provide Plaintiff a Reasonable Modification or Accommodation**

34. Mr. Ransley has, on several occasions, requested that Defendants provide reasonable modifications to the Building to make it wheelchair accessible.

35. Because those requests were either denied or met with silence, in the spring of 2023, Mr. Ransley sought the help of the Fair Housing Justice Center ("FHJC"), an organization that is

dedicated to eliminating housing discrimination.

36. The FHJC retained an architect to prepare a report regarding, among other items, the feasibility of modifications necessary to make the Building accessible to Mr. Ransley.

37. The architect determined it would be feasible and reasonable to install a ramp along the front of the Building from the entry portal to its west boundary line. Installation of a ramp would require raising the entry door portal and infilling the vestibule staircase so that the landing at the top of the ramp would be level with the elevator lobby floor. The architect further opined that ancillary changes, including the manner in which the Building and vestibule doors are opened, would also have to be made to make the entrance accessible.

38. On or about September 27, 2023, Mr. Ransley, through counsel, sent a letter to Defendant 150 West 21st LLC and Defendant Scharfman requesting, a reasonable modification, as described in paragraph 37.

39. Thereafter, Defendant Beach Lane Management, Inc., who upon information and belief, was acting on behalf of Defendant 150 West 21st LLC and Defendant Scharfman, responded to the request, but ultimately denied it.

40. Defendants' engineer raised several purported structural objections to the installation of the ramp and concluded that it would not be feasible.

41. Mr. Ransley's architect proposed solutions to the objections raised by Defendants' engineer. Those solutions were either rejected without an adequate basis or ignored.

42. At no point did Defendants offer any other proposed accommodation or modification to Mr. Ransley.

43. Defendants continue to wrongfully maintain that installation of a ramp is not feasible.

44. Mr. Ransley, therefore, remains trapped in the Apartment, and he is unable to use and enjoy his home in the same manner as other residents who do not have mobility impairments.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF THE FHA
(Failure to Provide a Reasonable Modification)

45. Mr. Ransley repeats and realleges the above paragraphs as though set forth fully and at length herein.

46. The FHA requires "reasonable modifications of existing premises occupied or to be occupied by [a handicapped] person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A).

47. Defendants are subject to the FHA because the Building and Apartment, which they own and/or manage, are dwellings for which no exemption under 42 U.S.C. § 3603(b) is available.

48. Mr. Ransley is a residential tenant of the Building and Apartment.

49. Mr. Ransley is an individual with a handicap, as that term is defined by the FHA.

50. Mr. Ransley has requested a reasonable modification to allow him to fully access and enjoy his home.

51. Defendants have violated the FHA by rejecting Mr. Ransley's request for a reasonable modification.

52. Upon information and belief, there are no structural reasons why a ramp cannot be installed at the Building.

53. Mr. Ransley has been deprived the opportunity to fully enjoy his home and has been injured in the exact way that the FHA was intended to prevent and remedy.

54. Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

55. Because Defendants have violated the FHA and caused injury to Plaintiff, Plaintiff is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

56. Mr. Ransley is further entitled to injunctive relief in the form of an order directing Defendants permit the requested modifications.

### SECOND CAUSE OF ACTION: VIOLATION OF THE NYCHRL
**(Failure to Provide a Reasonable Accommodation)**

57. Mr. Ransley repeats and realleges the above paragraphs as though set forth fully and at length herein.

58. The New York City Council passed the NYCHRL "to eliminate and prevent discrimination from playing any role in actions relating to employment, public accommodations, and housing and other real estate." NYC Admin. Code § 8-101.

59. Defendants are subject to the NYCHRL because the Building and Apartment, which they own and/or manage, are housing accommodations for which no exemption under NYC Admin. Code § 8-107(5)(a)(4) applies.

60. The NYCHRL prohibits discrimination against persons with disabilities in the terms, conditions or privileges of the sale, rental or lease of housing accommodations. NYC Admin. Code §§ 8-107(5)(a)(1).

61. The NYCHRL requires covered entities, like Defendants, to make reasonable accommodations "to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." NYC Admin. Code § 8-107(15)(a).

62. Pursuant to the NYCHRL, accommodations that involve structural modifications are deemed to be reasonable unless a defendant can prove that their nature and cost would create an undue hardship. NYC Admin Code. 8-102(18)(b).

63. Mr. Ransley is a person with disabilities as defined by the NYCHRL.

64. Mr. Ransley is a residential tenant of the Building and the Apartment.

65. Mr. Ransley has requested that Defendants provide a reasonable accommodation in the form of structural modifications to the Building that would allow him to freely access and enjoy his home.

66. Defendants refused to make those reasonable accommodations.

67. Upon information and belief, there is no structural reason why a ramp cannot be installed at the Building.

68. Upon information and belief, Defendants have sufficient financial resources to fund the installation of the ramp.

69. Defendants have violated the NYCHRL by failing to make the requested reasonable accommodation.

70. Defendants' conduct was willful and/or in reckless disregard of Plaintiffs' civil rights.

71. Because Defendants have violated the NYCHRL in a way that has injured Mr. Ransley, he is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

72. Mr. Ransley is further entitled to injunctive relief in the form of an order directing Defendants to provide the requested reasonable accommodations.

**THIRD CAUSE OF ACTION: VIOLATION OF THE NYCHRL**
**(Failure to Engage in a Cooperative Dialogue)**

73. Mr. Ransley repeats and realleges the above paragraphs as though set forth fully and at length herein.

74. The NYCHRL makes it unlawful for covered entities to "fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation." NYC Admin. Code § 8-107(28)(c).

75. The NYCHRL defines cooperative dialogue as "the process by which a covered entity and a person entitled to an accommodation, or who may be entitled to an accommodation under the law, engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." NYC Admin. Code § 8-102.

76. Mr. Ransley is a person with disabilities as defined by the NYCHRL.

77. As a result of his disabilities, Mr. Ransley is entitled, or may be entitled, to a reasonable accommodation under the law.

78. Mr. Ransley has requested that Defendants provide a reasonable accommodation in the form of structural modifications to the Building that would allow him to freely access and enjoy his home.

79. Defendants responded to Mr. Ransley's request for an accommodation by claiming that installation of the ramp was infeasible.

80. Defendants did not propose "accommodations that may address [Mr. Ransley's] accommodation needs, including alternatives to a requested accommodation," as required by the NYCHRL. NYC Admin. Code § 8-102.

81. Because Defendants have violated the NYCHRL in a way that has injured Mr. Ransley, he is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

82. Mr. Ransley is further entitled to injunctive relief in the form of an order directing Defendants to provide an appropriate reasonable accommodation.

## JURY DEMAND

83. Plaintiff demands a trial by jury.

## RELIEF REQUESTED

84. **WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

   a. Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C.§ 3601, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et. seq.*;

   b. Ordering Defendants to create and maintain a wheelchair-accessible front entrance to the building located at 150 West 21st Street, New York, New York;

   c. Ordering Defendants to create and maintain a wheelchair-accessible route from the public sidewalk to the elevator within the building located at 150 West 21st Street, New York, New York;

   d. Awarding Plaintiff compensatory, consequential, emotional-distress, and punitive damages for the emotional, mental, physical, and financial harm he has suffered due to Defendants' discriminatory conduct;

   e. Awarding Plaintiff reasonable attorney's fees, costs and expenses incurred in prosecuting this action; and

   f. Ordering such other further relief as this Court deems just and proper.

Dated: March 6, 2024
      New York, New York

Respectfully Submitted,

/s/ Andrew Darcy
Andrew Darcy (AD1048)
Matthew Longobardi
Of counsel to Tiffany Liston, Esq.
Mobilization for Justice, Inc.
*Attorneys for Plaintiff*
100 William Street, 6th Floor
New York, New York 10038
(212) 417-3733
adarcy@mfjlegal.org